**HCDistrictclerk.com**   RODRIGUEZ, SAUL vs. ALLSTATE TEXAS LLOYD'S   12/12/2019
Cause: 201977181   CDI: 7   Court: 011

**APPEALS**
No Appeals found.

**COST STATMENTS**
No Cost Statments found.

**TRANSFERS**
No Transfers found.

**POST TRIAL WRITS**
No Post Trial Writs found.

**ABSTRACTS**
No Abstracts found.

**SETTINGS**
No Settings found.

**NOTICES**
No Notices found.

**SUMMARY**

| CASE DETAILS | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| File Date | 10/21/2019 | Court | 011th |
| Case (Cause) Location | | Address | 201 CAROLINE (Floor: 9) HOUSTON, TX 77002 Phone:7133686020 |
| Case (Cause) Status | Active - Civil | | |
| Case (Cause) Type | Insurance | | |
| Next/Last Setting Date | N/A | JudgeName | KRISTEN BRAUCHLE HAWKINS |
| Jury Fee Paid Date | 10/22/2019 | Court Type | Civil |

**ACTIVE PARTIES**

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| RODRIGUEZ, SAUL | PLAINTIFF - CIVIL | | DOWNEY, MICHAEL ANDREW II |
| ALLSTATE TEXAS LLOYD'S | DEFENDANT - CIVIL | | SIMON, JAY SCOTT |
| RODRIGUEZ, ANGELA | PLAINTIFF - CIVIL | | DOWNEY, MICHAEL ANDREW II |

**EXHIBIT B**

| CHRISINSKE, MARK | DEFENDANT - CIVIL | SIMON, JAY SCOTT |
|---|---|---|
| ALLSTATE TEXAS LLOYD'S (AN INSURANCE COMPANY) MAY BE SERVED | REGISTERED AGENT | |

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 12/9/2019 | ANSWER ORIGINAL PETITION | | | 0 | | SIMON, JAY SCOTT | ALLSTATE TEXAS LLOYD'S |
| 12/9/2019 | ANSWER ORIGINAL PETITION | | | 0 | | SIMON, JAY SCOTT | CHRISINSKE, MARK |
| 10/21/2019 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 10/21/2019 | ORIGINAL PETITION | | | 0 | | DOWNEY, MICHAEL ANDREW II | RODRIGUEZ, SAUL |
| 10/21/2019 | ORIGINAL PETITION | | | 0 | | DOWNEY, MICHAEL ANDREW II | RODRIGUEZ, ANGELA |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | ALLSTATE TEXAS LLOYD'S (AN INSURANCE COMPANY) MAY BE SERVED | 10/21/2019 | 10/22/2019 | 11/13/2019 | | | 73688440 | ATTORNEY PICK-UP |
| | 1999 BRYAN STREET SUITE 900 DALLAS TX 75201 | | | | | | | | | |
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | CHRISINSKE, MARK | 10/21/2019 | 10/22/2019 | 11/16/2019 | | | 73688443 | ATTORNEY PICK-UP |
| | 2205 WEST 11TH STREET #424 HOUSTON TX 77008 | | | | | | | | | |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 88430467 | Defendant Allstate Texas Lloyd's Original Answer and Demand for Jury Trial | | 12/09/2019 | 2 |
| 88442827 | Defendant Allstate Texas Lloyd's Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code for Mark Chrisinske | | 12/09/2019 | 3 |
| -> 88442828 | Proposed Order of Dismissal of Defendant Mark Chrisinske with Prejudice | | 12/09/2019 | 1 |
| 88443789 | Defendant Mark Chrisinske's Original Answer (subject to Defendant All state Texas Lloyd's Election of Legal Responsibility for Mark Chrisinske). | | 12/09/2019 | 2 |
| 88186519 | Citation Return Mark Chrisinske | | 11/20/2019 | 2 |
| 88143470 | Citation Return Allstate Texas Lloyds | | 11/18/2019 | 2 |
| 88034252 | Civil Process Pick-Up Form | | 10/22/2019 | 1 |
| 87719679 | Plaintiffs' Original Petition | | 10/21/2019 | 17 |

10/21/2019 5:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37835283
By: Marcella Hill
Filed: 10/21/2019 5:06 PM

# 2019-77181 / Court: 011

## CAUSE NO. _____

| | | |
|---|---|---|
| **SAUL RODRIGUEZ AND ANGELA RODRIGUEZ,** *Plaintiffs,* | § § § § | **IN THE DISTRICT COURT OF** |
| **v.** | § § | **HARRIS COUNTY, TEXAS** |
| **ALLSTATE TEXAS LLOYD'S AND MARK CHRISINSKE,** *Defendants.* | § § § § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Saul Rodriguez and Angela Rodriguez ("Plaintiffs") and file this, *Plaintiffs' Original Petition*, complaining of Allstate Texas Lloyd's ("Allstate") and Mark Chrisinske ("Chrisinske") (collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2. Plaintiffs Saul Rodriguez and Angela Rodriguez are individuals residing in Harris County, Texas.

3.    Defendant Allstate is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Attorney for Service: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.    Defendant Mark Chrisinske is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process by a process server at his place of residence at 2205 West 11th Street #424, Houston, Texas 77008.

## JURISDICTION

5.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6.    The Court has jurisdiction over Defendant Allstate because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

7.    The Court has jurisdiction over Defendant Chrisinske because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.    Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.   Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Allstate.

10.  Plaintiffs own the insured property, which is specifically located at 12438 Ledger Lane, Houston, Texas 77015, in Harris County (hereinafter referred to as "the Property").

11.  Allstate sold the Policy insuring the Property to Plaintiffs.

12.  On or about August 25, 2017, Plaintiffs' home sustained significant damage as a result of the forces of Hurricane Harvey, including the nearby tornadoes spun from the storm. Hurricane Harvey made landfall on the evening of August 25, 2017, near Rockport, Texas. Maximum sustained winds in Harvey's eyewall were 130 mph at that time, making it a Category 4 hurricane. Harvey was the nation's first major hurricane landfall since Hurricane Wilma struck South Florida in October 2005—that is, the strongest one in twelve (12) years. Rain, including wind-driven rain, was the heaviest from any tropical cyclone in the continental United States. Harvey's slow-moving path across Southeast Texas caused extensive damage—including that of Houston—with wind, wind-driven rain, and/or other covered perils.

13.  As would be expected in a wind event of this magnitude, Plaintiffs' roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home and garage including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiffs' home also sustained substantial structural and exterior damage during the storm, as well as damage to the storage shed.

14.  After the storm, Plaintiffs filed a claim with their insurance company, Allstate, for the damages to their home caused by Hurricane Harvey.

15.     Plaintiffs submitted a claim to Allstate against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of Hurricane Harvey.

16.     Plaintiffs asked that Allstate cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the interior water damages to the Property, pursuant to the Policy.

17.     Defendant Allstate assigned Defendant Chrisinske as the individual adjuster on the claim. However, Chrisinske was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim. Specifically, Chrisinske spent a mere thirty (30) minutes inspecting Plaintiffs' entire property for damages, including the time he spent inspecting Plaintiffs' roof. Furthermore, Chrisinske made improver coverage decisions and told Plaintiffs during his inspection that their claim was denied. Chrisinske also communicated with Plaintiffs in a letter dated April 18, 2018 in which he fails to give a reasonable explanation for the denial of Plaintiffs' claim. Chrisinske further misrepresented in this letter that there was no storm related opening to Plaintiffs' roof and no coverage for Plaintiffs' interior water damages. Chrisinske clearly investigated Plaintiffs' claim with an "eye to deny" their claim and Plaintiffs' claim was improperly adjusted as a result.

18.     Together, Defendants Allstate and Chrisinske set out to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation, including the under-scoping of Plaintiffs' storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiffs' claim was improperly adjusted, and they were denied adequate and sufficient payment to repair their home. The mishandling

Page 4

of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

19. As detailed in the paragraphs below, Allstate wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Allstate underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

20. To date, Allstate continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

21. Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiffs.

22. Defendants Allstate and Chrisinske misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Allstate's and Chrisinske's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

23. Defendants Allstate and Chrisinske failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy,

Defendants Allstate's and Chrisinske's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

24. Defendants Allstate and Chrisinske failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants Allstate and Chrisinske failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Allstate and Chrisinske did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants Allstate's and Chrisinske's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

25. Defendants Allstate and Chrisinske failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Allstate and Chrisinske. Defendants Allstate's and Chrisinske's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

26. Defendants Allstate and Chrisinske refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Allstate and Chrisinske failed to conduct a reasonable investigation. Specifically, Defendants Allstate and Chrisinske performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants Allstate's and

Chrisinske's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

27. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

28. Defendant Allstate failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

29. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

30. From and after the time Plaintiffs' claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

31. Defendants Allstate and Chrisinske knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

32. As a result of Defendants Allstate's and Chrisinske's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

33. Plaintiffs' experience is not an isolated case. The acts and omissions Allstate committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims. Allstate's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT CHRISINSKE
### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

34. Defendant Allstate assigned Defendant Chrisinske to adjust the claim. Defendant Chrisinske was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During his investigation, Chrisinske failed to properly assess Plaintiffs' Hurricane Harvey damages. He also made improper coverage decisions during his inspection and misrepresented to Plaintiffs that there was no storm created opening in their roof. Chrisinske clearly investigated Plaintiffs' claim with an "eye to deny" their claim and Plaintiffs' claim was improperly adjusted as a result.

35. Defendant Chrisinske's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

36. Defendant Chrisinske is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Allstate, because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

37. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Chrisinske's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using his/her own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant Chrisinske's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at

issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

38.    Defendant Chrisinske's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

39.    Defendant Chrisinske failed to explain to Plaintiffs the reasons for his offer of an inadequate settlement. Specifically, Defendant Chrisinske failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Defendant Chrisinske as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

40.    Defendant Chrisinske's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

41.     Defendant Chrisinske did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to Allstate. Defendant Chrisinske's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

42.     Plaintiffs are not making any claims for relief under federal law.

### FRAUD

43.     Defendants Allstate and Chrisinske are liable to Plaintiffs for common law fraud.

44.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants Allstate and Chrisinske knew were false or made recklessly without any knowledge of their truth as a positive assertion.

45.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

46.     Defendants Allstate and Chrisinske are liable to Plaintiffs for conspiracy to commit fraud. Defendants Allstate and Chrisinske were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Allstate and Chrisinske committed an unlawful, overt

Page 11

act to further the object or course of action.   Plaintiffs suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST ALLSTATE ONLY

47.   Defendant Allstate is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

48.   Defendant Allstate's conduct constitutes a breach of the insurance contract made between Allstate and Plaintiffs.

49.   Defendant Allstate's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

50.   Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

51.   Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

52.   Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even

though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

53.     Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

54.     Defendant Allstate's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

55.     Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

56.     Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

57.     Defendant Allstate's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms

that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

58. Defendant Allstate's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

59. Defendant Allstate's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

60. As referenced and described above, and further conduct throughout this litigation and lawsuit, Chrisinske is an agent of Allstate based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

61. Separately, and/or in the alternative, as referenced and described above, Allstate ratified the actions and conduct of Chrisinske including the completion of his duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

62. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

63. Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Allstate knew or should have known

by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

64. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

65. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

66. As previously mentioned, the damages caused by Hurricane Harvey have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant Allstate's and Chrisinske's mishandling of Plaintiffs' claim in violation of the laws set forth above.

67. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

68. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

69. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well simple interest on the amount of the claim as

damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with attorney's fees. TEX. INS. CODE §542.060.

70.  For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

71.  For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

72.  For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

73.  Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

74.  *Plaintiffs' Request for Disclosure to Defendant Allstate Texas Lloyd's* is attached as "Exhibit A."

### REQUESTS FOR PRODUCTION

75.    *Plaintiffs' First Request for Production to Defendant Allstate Texas Lloyd's* is attached as "Exhibit B."

### INTERROGATORIES

76.    *Plaintiffs' First Set of Interrogatories to Defendant Allstate Texas Lloyd's* is attached as "Exhibit C."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

*/s/ Michael A. Downey*
Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
Telephone (713) 714-0000
Facsimile (713) 714-1111
MADDocketEfile@mostynlaw.com

**ATTORNEY FOR PLAINTIFFS**

11/18/2019 12:57 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38576709
By: Lewis John-Miller
Filed: 11/18/2019 12:57 PM

11.426805

CAUSE NO.  201977181

RECEIPT NO.           0.00      ATY
                 **********       TR # 73688440

| | |
|---|---|
| PLAINTIFF: RODRIGUEZ, SAUL | In The   11th |
| vs. | Judicial District Court |
| DEFENDANT: ALLSTATE TEXAS LLOYD'S | of Harris County, Texas |
| | 11TH DISTRICT COURT |
| | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE TEXAS LLOYD'S (AN INSURANCE COMPANY) MAY BE SERVED
    THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM
    1999 BRYAN STREET SUITE 900   DALLAS TX 75201
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 21st day of October, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 22nd day of October, 2019, under my hand and
seal of said Court.

Issued at request of:
DOWNEY, MICHAEL ANDREW II
3810  W. ALABAMA ST.
HOUSTON, TX  77027
Tel: (713) 714-0000
Bar No.: 24087445

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: HILL, MARCELLA  DBG//11362588

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____                    _____

                                 _____ of _____County, Texas

                                 By _____
          Affiant                              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                 _____
                                           Notary Public

N.INT.CTPR.P                     *73688440*

## CAUSE NO. 2019-77181

SAUL RODRIGUEZ AND
ANGELA RODRIGUEZ
VS.

IN THE 11TH JUDICIAL DISTRICT COURT FOR HARRIS COUNTY,
TEXAS

ALLSTATE TEXAS LLOYD'S AND
MARK CHRISINSKE

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _Guv C Connelly_ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _Guv C. Connelly_ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:

_2701 W. 15th, Plano, TX 75075_

(SERVER'S ADDRESS)

2. ON _11/12/19_ (DATE) AT _4:00_ (_P_) M (TIME)
CITATION, PLAINTIFF'S ORIGINAL PETITION EXHIBIT A; EXHIBIT B; EXHIBIT C came to hand for delivery to ALLSTATE TEXAS LLOYD'S (AN INSURANCE COMPANY) BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM.

3. ON _11/13/19_ (DATE) AT _2:35_ (_P_) M (TIME) - The above named documents were delivered to: ALLSTATE TEXAS LLOYD'S (AN INSURANCE COMPANY) BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM by delivering to

_Kim Hightower P.S._

(NAME AND TITLE), authorized agent for service @

_1999 Bryan, Suite 900, Dallas, TX 75201_

(ADDRESS), by CORPORATE Service

SIGNATURE
PSC# _2201_ EXPIRATION: _9/30/20_

Guv C. Connelly

AFFIANT PRINTED NAME
Guv C. Connelly

SWORN TO AND SUBSCRIBED before me by _____ appeared on this _13_ day of _November_ 2019 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2019.11.426705

Anna M. Connelly
My Commission Expires
03/13/2023
ID No. 126022935

11/20/2019 1:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38658935
By: Lewis John-Miller
Filed: 11/20/2019 1:04 PM

11.426+02

CAUSE NO.  201977181

RECEIPT NO.                    0.00      ATY
             **********          TR # 73688443

PLAINTIFF: RODRIGUEZ, SAUL                    In The   11th
                vs.                           Judicial District Court
DEFENDANT: ALLSTATE TEXAS LLOYD'S             of Harris County, Texas
                                              11TH DISTRICT COURT
                                              Houston, TX

                          CITATION

THE STATE OF TEXAS
County of Harris

TO: CHRISINSKE, MARK
    2205  WEST 11TH STREET #424   HOUSTON  TX  77008
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 21st day of October, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 22nd day of October, 2019, under my hand and
seal of said Court.

Issued at request of:                    MARILYN BURGESS, District Clerk
DOWNEY, MICHAEL ANDREW II                Harris County, Texas
3810  W. ALABAMA ST.                     201 Caroline, Houston, Texas 77002
HOUSTON, TX  77027                       (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 714-0000
Bar No.: 24087445                        Generated By: HILL, MARCELLA  DBG//11362588

                    OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M. on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____          _____

                        _____ of _____County, Texas

_____    By _____
            Affiant                              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                        _____
                                                Notary Public

N.INT.CITR.P              *73688443*

CAUSE NUMBER: 2019-77181

**SAUL RODRIGUEZ AND ANGELA
RODRIGUEZ
PLAINTIFF**

**VS.**

                                            **IN THE 11TH JUDICIAL DISTRICT
COURT FOR HARRIS COUNTY, TEXAS**

**ALLSTATE TEXAS LLOYD'S AND MARK
CHRISINSKE
DEFENDANT**

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day **ROBERT FRANCO, JR.**, personally appeared before me and stated under oath as follows:

My name is **ROBERT FRANCO, JR.**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Monday November 11, 2019 AT 05:15 PM - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A; EXHIBIT B; EXHIBIT C** came to hand for service upon **MARK CHRISINSKE**.

On **Saturday November 16, 2019 at 11:09 AM** - The above named documents were hand delivered to: **MARK CHRISINSKE @ 2205 WEST 11TH STREET $424, HOUSTON, TX 77008, in Person.**

**FURTHER AFFIANT SAYETH NOT.**

                                        **ROBERT FRANCO, JR.
PSC#12650 EXP 05/31/20**

**SWORN TO AND SUBSCRIBED** before me by **ROBERT FRANCO, JR.** appeared on this _19_ day of NOVEMBER, 2019 to attest witness my hand and seal of office.

                                        **NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS**
                                             2019.11.426702

CLAUDIA LEWIS
Notary Public, State of Texas
Comm. Expires 11-11-2022
Notary ID 125713486

12/9/2019 10:44 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39077565
By: Lewis John-Miller
Filed: 12/9/2019 10:44 AM

## CAUSE NO. 2019-77181

| | | |
|---|---|---|
| SAUL RODRIGUEZ AND ANGELA RODRIGUEZ, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § § | |
| ALLSTATE TEXAS LLOYD'S AND MARK CHRISINSKE, | § § § | |
| *Defendants.* | § | 11TH JUDICIAL DISTRICT |

### DEFENDANT ALLSTATE TEXAS LLOYD'S ORIGINAL ANSWER AND <u>DEMAND FOR JURY TRIAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Allstate Texas Lloyd's ("Defendant"), and files this its Original Answer to Plaintiffs' Original Petition, and would respectfully show unto the Court the following

### I.
### <u>ORIGINAL ANSWER</u>

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies, each and every, all and singular, the allegations contained within Plaintiffs' Original Petition and demands strict proof thereon, by a preponderance of the credible evidence, in accordance with the Constitution and laws of the State of Texas.

### II.
### <u>DEMAND FOR JURY TRIAL</u>

Defendant herein makes demand for a jury trial in this case.

1

**III.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Texas Lloyd's prays that upon final trial and hearing thereof, Plaintiffs recover nothing from Defendant and Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

By:   _/s/Jay Simon_
        Jay Scott Simon
        State Bar No. 24008040
        jsimon@thompsoncoe.com
        THOMPSON, COE, COUSINS & IRONS, LLP
        One Riverway, Suite 1400
        Houston, Texas 77056
        Telephone:  (713) 403-8210
        Facsimile:  (713) 403-8299

**ATTORNEY FOR DEFENDANT**
**ALLSTATE TEXAS LLOYD'S**

**CERTIFICATE OF SERVICE**

This is to certify that on December 9, 2019, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

Michael A. Downey
MOSTYN LAW
3810 W. Alabama St.
Houston, TX  77027
maddocketefile@mostynlaw.com

        _/s/Jay Simon_
        Jay Scott Simon

2

12/9/2019 3:37 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39096284
By: Anais Aguirre
Filed: 12/9/2019 3:37 PM

## CAUSE NO. 2019-77181

| | | |
|---|---|---|
| SAUL RODRIGUEZ AND ANGELA RODRIGUEZ, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | §<br>§<br>§ | HARRIS COUNTY, TEXAS |
| v. | §<br>§ | |
| ALLSTATE TEXAS LLOYD'S AND MARK CHRISINSKE, | §<br>§<br>§ | |
| *Defendants.* | § | 11TH JUDICIAL DISTRICT |

### DEFENDANT ALLSTATE TEXAS LLOYD'S
### ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF
### THE TEXAS INSURANCE CODE FOR MARK CHRISINSKE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Allstate Texas Lloyd's ("Allstate") and files its Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

### I. RELEVANT BACKGROUND

On October 21, 2019, Plaintiffs filed this action relating to events in Allstate's claim number 0497420505, naming as defendants Allstate Texas Lloyd's and Mark Chrisinske.

For purposes of this Election, Mark Chrisinske ("Chrisinske") is considered Allstate's "agent" under Texas Insurance Code Section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act on Allstate's behalf.

### II. ELECTION

Under Section 542A.006(a) of the Texas Insurance Code, Allstate hereby elects to accept legal responsibility for whatever liability Chrisinske might have to Plaintiffs for Chrisinske's acts

7556764v1
03647.784

or omissions related to the allegations set forth in this lawsuit, and, by this pleading, Plaintiffs are provided written notice of Allstate's Election.

### III.  DISMISSAL OF MARK CHRISINSKE WITH PREJUDICE

Under Section 542A.006(c) of the Texas Insurance Code, and based on Allstate's Election, this Court "shall dismiss" this action against Chrisinske with prejudice.  Allstate hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

FOR THESE REASONS, Allstate prays that this Election be filed with the records in this lawsuit and that Mark Chrisinske be dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code, and for all other and further relief to which this Court deems Allstate entitled.

Respectfully submitted,

By:  _/s/Jay Simon_
    Jay Scott Simon
    State Bar No. 24008040
    jsimon@thompsoncoe.com
    THOMPSON, COE, COUSINS & IRONS, LLP
    One Riverway, Suite 1400
    Houston, Texas 77056
    Telephone:  (713) 403-8210
    Facsimile:  (713) 403-8299

**ATTORNEY FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S**

2

## CERTIFICATE OF SERVICE

This is to certify that on December 9, 2019, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

Michael A. Downey
MOSTYN LAW
3810 W. Alabama St.
Houston, TX  77027
maddocketefile@mostynlaw.com

_/s/Jay Simon_
Jay Scott Simon

3

CAUSE NO. 2019-77181

| | | |
|---|---|---|
| SAUL RODRIGUEZ AND ANGELA RODRIGUEZ, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| ALLSTATE TEXAS LLOYD'S AND MARK CHRISINSKE, | § § § | |
| *Defendants.* | § § § | 11TH JUDICIAL DISTRICT |

**ORDER OF DISMISSAL OF DEFENDANT MARK CHRISINSKE
WITH PREJUDICE**

On this day came before the Court the Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code filed by Defendant Allstate Texas Lloyd's ("Allstate"). Allstate has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code on behalf of Defendant Mark Chrisinske ("Chrisinske").

It is therefore **ORDERED**, **ADJUDGED AND DECREED** that all claims and causes of action brought against Chrisinske in the above-referenced cause are hereby **DISMISSED** with prejudice to refiling of same.  Any and all relief sought against Chrisinske not contained herein is hereby **DENIED** with prejudice.

It is further **ORDERED** that costs of court herein and relating to any claim or cause of action brought against Chrisinske shall be borne by the party incurring same.

_____          _____
DATE                                          JUDGE PRESIDING

1

7556876v1
03647.784

12/9/2019 4:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39101734
By: Lewis John-Miller
Filed: 12/9/2019 4:43 PM

**CAUSE NO. 2019-77181**

| | | |
|---|---|---|
| **SAUL RODRIGUEZ AND ANGELA RODRIGUEZ,** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **v.** | § § | **HARRIS COUNTY, TEXAS** |
| **ALLSTATE TEXAS LLOYD'S AND MARK CHRISINSKE,** | § § § | |
| *Defendants.* | § § | **11TH JUDICIAL DISTRICT** |

**DEFENDANT MARK CHRISINSKE'S ORIGINAL ANSWER (SUBJECT TO DEFENDANT ALLSTATE TEXAS LLOYD'S ELECTION OF LEGAL RESPONSIBILITY FOR MARK CHRISINSKE)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, Mark Chrisinske ("Defendant"), and files this his Original Answer to Plaintiffs' Original Petition (subject to Defendant Allstate Texas Lloyd's Election of Legal Responsibility for Mark Chrisinske) and would respectfully show unto the Court the following**:**

**I.**
**ORIGINAL ANSWER**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies, each and every, all and singular, the allegations contained within Plaintiffs' Original Petition and demands strict proof thereon, by a preponderance of the credible evidence, in accordance with the Constitution and laws of the State of Texas.

**II.**
**DEMAND FOR JURY TRIAL**

Defendant herein makes demand for a jury trial in this case.

1

7556546v1
03647.784

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Mark Chrisinske prays that upon final trial and hearing thereof, Plaintiffs recover nothing from Defendant and Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

By:   /s/Jay Simon

Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

**ATTORNEY FOR DEFENDANTS
ALLSTATE TEXAS LLOYD'S and
MARK CHRISINSKE**

## CERTIFICATE OF SERVICE

This is to certify that on December 9, 2019, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

Michael A. Downey
MOSTYN LAW
3810 W. Alabama St.
Houston, TX  77027
maddocketefile@mostynlaw.com

  /s/Jay Simon

Jay Scott Simon

2